THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,**<br><br>    **Plaintiff,**<br><br>   v.<br><br>**MACY'S, INC.,**<br><br>    **Defendant.** | CIVIL ACTION NO. 2:23-cv-583<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

Plaintiff files this complaint for patent infringement of four (4) patents against defendant and alleges as follows:

### PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Macy's, Inc. is corporation organized under the laws of the state of Ohio with a regular and established place of business in this Judicial District at 6209 West Park Boulevard, Plano, TX 75093. Upon information and belief, Macy's does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq.  Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic business contacts with the State of Texas including a multitude of licensed brick

and mortar stores in this District. Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of Patents in this District and in the State of Texas.

6. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its services in the State of Texas and in this District. Defendant has purposefully and voluntarily made its business services, including the infringing systems and services, available to residents of this District and into the stream of commerce with expectation and intention that they will be purchased and/or used by consumers in this District.

7. On information and belief, Defendant maintains physical brick-and-mortar business locations in the State of Texas and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District. *See* Figure 1 below.

8. Venue is proper in the Northern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because, among other things, Macy's is subject to personal jurisdiction in this judicial district, Macy's has a regular and established place of business in Texas and in this judicial district, Macy's has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas, and committed infringing acts complained of herein in this judicial district

## PATENTS-IN-SUIT

10. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent Nos. 8,424,752 (hereinafter "the '752 Patent"), 8,651,369 (hereinafter "the '369 Patent"), and

8,936,190 (collectively "the Symbology Patents").  The '752 Patent is attached as **Exhibit 1**, the '369 Patent is attached as **Exhibit 2**, and the '190 Patent is attached as **Exhibit 3**.

11.     The Symbology Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

12.     Plaintiff possesses all rights of recovery under the Symbology Patents, including the exclusive right to recover for past, present and future infringement.

13.     The inventor of the Symbology Patents, Mr. Leigh M. Rothschild, was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company that was the leader and early creator of connecting symbology, such as barcodes, to the Internet.

14.     Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush. Mr. Rothschild served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

15.     Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

16.     The '752 Patent contains eighteen claims including three independent claims and fifteen dependent claims.

17.     The priority date of the '752 Patent is at least as early September 15, 2010. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

18.     Plaintiff alleges infringement on the part of Defendant of the '752 Patent.

19.     The '752 Patent contains twenty-eight claims including three independent claims and twenty-five dependent claims.

20. The priority date of the '752 Patent is at least as early September 15, 2010. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

21. Plaintiff alleges infringement on the part of Defendant of the '752 Patent.

22. The '369 Patent contains twenty-eight claims including three independent claims and twenty-five dependent claims.

23. The priority date of the '369 Patent is at least as early September 15, 2010. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

24. Plaintiff alleges infringement on the part of Defendant of the '369 Patent.

25. The Symbology Patents teach a system and method for enabling a portable electronic device to retrieve information about an object when the object's symbology, e.g., a barcode, is detected. *See* '369 Patent, Abstract. According to one embodiment a method is provided in which symbology associated with an object is detected and decoded to obtain a decode string. *Id*. The decode string is sent to one or more visual detection applications for processing, wherein the one or more visual detection applications reside on the portable electronic device, and receiving a first amount of information about the object from the one or more visual detection applications. *Id*.

26. As noted, the claims of the Symbology Patents have a priority date at least as early as September 15, 2010. The present invention allows for users to quickly and conveniently obtain information about an object utilizing a portable electronic device that detects symbology associated with the object. '752 Patent, 1:55-60; 2:46-54. Using any applicable visual detection device (e.g., a camera, scanner, or other device) on the portable electronic device, the user may select an object by scanning or capturing an image of symbology (e.g., barcodes) associated with the object. *Id*. The object may be an article of commerce, product, service, or any item associated with various types of symbology. *Id*.

27. The system(s) and methods of the Symbology Patents include software and hardware that do not operate in a conventional manner. For example, the software is tailored to provide functionality to perform recited steps and the hardware (e.g., portable electronic device) is configured (and/or programmed) to provide functionality recited throughout the claims of the Symbology Patents.

28. The features recited in the claims in the Symbology Patents provide improvements to conventional hardware and software systems and methods. The improvements render the claimed inventions of the Symbology Patents non-generic in view of conventional components.

29. The features and recitations in the claims of the Symbology Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

30. The '752 Patent was examined by Primary United States Patent Examiner Allyson Trail. During the examination of the '752 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 235/375; 235/379; 705/80; 705/14.1; and 705/39.

31. After conducting a search for prior art during the examination of the '369 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 2007/0216226; US 2007/0291534; US 2008/0201310; US 2009/0099961; US 2010/0280896; and US 2010/0280960.

32. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '752 Patent to issue. In so doing, it is presumed that Examiner Trail used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Trail had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '369 Patent are novel and non-

obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '752 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Trail.

33. The claims of the '369 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

34. The nominal expiration date for the claims of the '752 Patent is no earlier than September 15, 2030.

35. The '752 Patent was examined by Primary United States Patent Examiner Allyson Trail. During the examination of the '752 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 235/375; 235/379; 705/14.1; 705/39; and 705/80.

36. After conducting a search for prior art during the examination of the '752 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 7,992,773; US 2007/0216226; US 2007/0291534; US 2008/0201310; US 2009/0099961; US 2010/0280896; and US 2010/0280960.

37. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '752 Patent to issue. In so doing, it is presumed that Examiner Trail used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further

presumed that Examiner Trail had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '752 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '752 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Trail.

38. The claims of the '752 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

39. The nominal expiration date for the claims of the '752 Patent is no earlier than September 15, 2030.

40. The '369 Patent was examined by Primary United States Patent Examiner Allyson Trail. During the examination of the '369 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 235/375; 235/379; 705/14.1; 709/39; and 709/80.

41. After conducting a search for prior art during the examination of the '369 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 2007/0216226; US 2007/0291534; US 2008/0201310; US 2009/0099961; US 2010/0280896; and US 2010/0280960.

42. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the

United States Patent Examiner allowed all of the claims of the '369 Patent to issue. In so doing, it is presumed that Examiner Trail used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Trail had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '369 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '369 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Trail.

43. The claims of the '369 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

44. The nominal expiration date for the claims of the '369 Patent is no earlier than September 15, 2030.

## ACCUSED INSTRUMENTALITIES

45. Upon information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides QR codes associated with a website of Defendant (the "Accused Instrumentalities"), which infringe at least Claim 1 of the '752 Patent, Claim 1 of the '752 Patent, Claim 1 of the '369 Patent, and Claim 1 of the '190 Patent.

## COUNT ONE

### (Infringement of United States Patent No. 8,424,752)

46. Plaintiff refers to and incorporates the allegations in Paragraphs 1-59, the same as if set forth herein.

47. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

48. Defendant has knowledge of its infringement of the '752 Patent (**Exhibit 1**), at least as of the service of the present complaint.

49. Accordingly, Defendant has infringed and continues to infringe, the '752 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '752 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit 4**) the Accused Instrumentalities.

50. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '752 Patent, by having its employees internally test and use the Accused Instrumentalities.

51. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 4**) and references cited, constitutes actual knowledge of infringement as alleged here.

52. **Exhibit 4** includes at least one chart comparing the exemplary claim 1 of the '752 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '752 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '752 Patent.

53. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 4**.

54. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

55. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

56. The '752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

57. A copy of the '752 Patent, titled "System and Method for Presenting Information About an Object on a Portable Electronic Device," is attached hereto as **Exhibit 1**.

58. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '752 Patent, pursuant to 35 U.S.C. § 271.

59. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '752 Patent, without license or authorization.

60. As a result of Defendant's infringement of the '752 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

61. Plaintiff is in compliance with 35 U.S.C. § 287.

62. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '752 Patent up until the date that Defendant ceases its infringing activities.

## COUNT TWO

### (Infringement of United States Patent No. 8,651,369)

63. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

64. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

65. Defendant has knowledge of its infringement of the '369 Patent (**Exhibit 2**), at least as of the service of the present complaint.

66. Accordingly, Defendant has infringed and continues to infringe, the '369 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '369 Patent by

making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit 5**) the Accused Instrumentalities.

67. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '369 Patent, by having its employees internally test and use the Accused Instrumentalities.

68. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 5**) and references cited, constitutes actual knowledge of infringement as alleged here.

69. **Exhibit 5** includes at least one chart comparing the exemplary claim 1 of the '369 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '369 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '369 Patent.

70. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 5**.

71. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT THREE

### (Infringement of United States Patent No. 8,936,190)

72. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

73. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

74. Defendant has knowledge of its infringement of the '190 Patent (**Exhibit 3**), at least as of the service of the present complaint.

75. Accordingly, Defendant has infringed and continues to infringe, the '190 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '190 Patent by

making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit 6**) the Accused Instrumentalities.

76. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '190 Patent, by having its employees internally test and use the Accused Instrumentalities.

77. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 6**) and references cited, constitutes actual knowledge of infringement as alleged here.

78. **Exhibit 6** includes at least one chart comparing the exemplary claim 1 of the '190 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '190 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '190 Patent.

79. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 6**.

80. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

81. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

82. The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

83. A copy of the '190 Patent, titled "System and Method for Presenting Information About an Object on a Portable Electronic Device," is attached hereto as **Exhibit 3**.

84. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '190 Patent, pursuant to 35 U.S.C. § 271.

85. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '190 Patent, without license or authorization.

86. As a result of Defendant's infringement of the '190 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

87. Plaintiff is in compliance with 35 U.S.C. § 287.

88. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '190 Patent up until the date that Defendant ceases its infringing activities.

## WILLFUL INFRINGEMENT

89. Plaintiff has had numerous communications with Defendant explaining his infringement of the patents-in-suit.

90. Defendant acknowledged the Plaintiff's patents, had knowledge of these Patents-In-Suit and knowingly continued to infringe Plaintiff's patents without a license. Letters were sent to Defendant on two separate occasions.

91. Plaintiff is seeking exemplary damages due to Defendant's willful infringement, pursuant to 35 U.S.C. § 284, based on its pre-suit and post filing of a complaint conduct. The Supreme Court has eliminated the objective-recklessness standard and instead, decided that "the subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Electronics, Inc. v. Pulse Electronics, Inc*., 579 U.S. 93, No. 14–1513, at 10 (June 13, 2016).

## DEMAND FOR JURY TRIAL

92. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice

of the order from further infringement of Symbology Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

    (c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

    (d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: December 8, 2023

Respectfully Submitted,

*/s/ Christopher A. Honea*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**