

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222

P 412.471.8815
F 412.471.4094
webblaw@webblaw.com

KENT E. BALDAUF, JR.
Attorney at Law

April 25, 2024
**VIA CM/ECF**

Honorable Rodney Gilstrap
U.S. District Court for the
  Eastern District of Texas
Sam B. Hall, Jr. Federal Building & U.S. Courthouse
100 East Houston Street
Marshall, TX 75670

        Re:    *Symbology Innovations, LLC v. Macy's, Inc.*, No. 2:23-cv-00583-JRG;
              Parties' Joint Letter Regarding Necessity of Prior Claim Construction to
              Decide Patent Eligibility Under 35 U.S.C. § 101

Dear Judge Gilstrap:

      Plaintiff Symbology Innovations, LLC ("Symbology") and Defendant Macy's, Inc. ("Macy's") (collectively, the "Parties") respectfully submit this joint letter pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101.  This joint letter sets forth the Parties' positions regarding their disagreement as to whether claim construction is needed to inform the Court's analysis as to patent eligibility.

**Plaintiff's Position**

      In addition to the claim construction issue noted herein, there are a plethora of factual disputes that preclude resolution of this matter at the pleading stage. *See Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. Feb. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact that must be proven 'by clear and convincing evidence.'"). Specifically, Symbology contends that at least the following term must be construed prior to the Court ruling on Dexcom's motion to dismiss:

| Disputed Term/Phrase | Claim(s) in Which Term Appears |
|---|---|
| "one or more visual detection applications" | **Pat. No. 8,424,752**<br>1, 5, 24<br><br>**Pat. No. 8,651,369**<br>1, 5, 24<br><br>**Pat. No. 8,936,190**<br>1, 5, 20 |

The '752 Patent, the '369 Patent and the '190 Patent are continuations of the same parent application, which issued on August 9, 2011, as U.S. Patent No. 7,992,773 ("The Parent" or "'773 Patent") and is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." During the prosecution of the '773 Patent, the applicant narrowed Claim 1 of the '773 patent via claim amendment in response to an Office Action issued by the USPTO (*See* Symbology production, Bates Nos. SYM000083 and SYM000088 – SYM000096). As a result of applicant's amendment to Claim 1, every claim of the '773 Patent includes the limitation in which the "one or more visual detection applications" are configured to "run in the background," "automatically" decode "symbology" and send the decode string to another "visual detection application" residing on the portable device.

Importantly, during the prosecution of the Asserted Patents, applicant did not rescind the limitation requiring the visual detection to occur automatically and in the background. Additionally, the '773 Patent, the '752 Patent, the '369 Patent and the '190 Patent all contain the same language in the specifications as it relates to the "visual detection applications." Thus, Symbology's position is that the limitation in the Parent Patent applies to the phrase "visual detection applications" in the Asserted Patents, and a proper construction of this phrase is required in order to properly evaluate the merits of Dexcom's "abstract concept" arguments. In addition, a proper construction of this phrase is *directly relevant* to the issue of whether the claims "contain meaningful limitations that would restrict it to a non-routine, specific application of the abstract idea," which is Defendant's "no inventive concept" argument.

**Defendant's Position**

Macy's submits that claim construction is not needed to rule upon patent eligibility and decide its Motion to Dismiss (Dkt. 15). Dismissal is appropriate before claim construction when, as here, there is no plausible construction that could confer eligibility. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (citing *id.* at 714–15; *Bancorp Servs. L.L.C v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273–74). Macy's Motion establishes that the claims of the patents-in-suit are ineligible on their face,

Honorable Rodney Gilstrap                - 3 -                                           April 25, 2024

and there exists no plausible claim construction for any claim that would render the asserted claims eligible.

   Macy's Motion sets forth a *prima facie* case of ineligibility and explains why claim construction is not needed.  To rebut this *prima facie* showing of ineligibility, Symbology "must propose a **specific claim construction** or identify specific facts that need development **and explain why those circumstances must be resolved** before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media, LLC v. Covalent, Inc.,* 72 F.4th 1355, 1361 (Fed. Cir. 2023) (emphasis added).  Symbology cannot do so.

   Symbology has asserted that the claim term "one or more visual detection applications" must be construed in order to conduct a § 101 analysis.  *See Symbology Innovations, LLC v. Dexcom, Inc.*, No. 2:23-CV-00473-JRG, Dkt. 31.  However, Symbology has not, and cannot, propose any construction for this term that would impact the § 101 analysis.  Even assuming that this term is construed to require the "visual detection application" to run "automatically" and "in the background," which is one position Symbology suggests it may adopt (see above *Dexcom* filing), this construction would not impact the eligibility analysis as it does not alter the abstract nature of the claim or constitute an inventive concept.  This is apparent from the shared specification of the patents-in-suit where the patentee acknowledges that any one of a number of existing programs could be used as the "visual detection application."  Dkt. 1-1 ('752 Patent) at 3:29-33.  Indeed, the Complaint asserts that this limitation is met by a "camera application residing in the Smartphone."  Dkt. 1-4 at pg. 5.

   Because Symbology has not identified any plausible construction that would impact the eligibility analysis, Macy's Motion is ripe for consideration before claim construction occurs.

               Very truly yours,

               s/ *Kent E. Baldauf, Jr.*

               Kent E. Baldauf, Jr.

KEBjr:pmt

cc:  All Counsel of Record (*Via CM/ECF*)